FILED
03/01/2022
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| DAVID CAPERS, | ) |
| | ) |
| Movant, | ) USDC Case No. 3:21-cv-80 |
| | ) |
| v. | ) |
| | ) USDC Case No. 3:17-cr-22 |
| UNITED STATES OF AMERICA, | ) |
| | ) Hon. Richard L. Young |
| Respondent. | ) United States District Judge |

## PRO SE REPLY TO THE UNITED STATES' RESPONSE TO MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255

COMES NOW DAVID CAPERS, Movant *pro se*, in the above styled and numbered cause, and respectfully submits this Reply to the United States' Response to Petitioner's *Pro Se* Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. §2255.

### I. Introduction

Mr. Capers is entitled to an evidentiary hearing to allow this Honorable Court to make the credibility determinations necessary to resolve the question of Mr. Capers' entitlement to equitable tolling and to decide the merits of the

claim presented in his pending §2255 motion. First, contrary to the United States' Response, Mr. Capers is entitled to equitable tolling as a result of the lies and misconduct of the attorney he retained to file his motion to vacate, the FBOP's COVID-19 lockdown(s), and the COVID-19 pandemic itself. Second, the United States' Response is inadequate to allow summary denial of Mr. Capers' claim of ineffective assistance of counsel, as it fails to establish that Mr. Capers is conclusively entitled to no relief. This is true because the factual predicates for both equitable tolling and Mr. Capers' claim of ineffective assistance of counsel are not vague, conclusory, palpably incredible, nor refuted by the portions of the record referred to in the Government's response, and comparing Mr. Capers' statements of fact, verified under penalty of perjury with the dueling narratives of his former counsel, reveals genuine issues of material fact which may only be accurately assessed after this Honorable Court has heard the live testimony of Mr. Capers, Ms. Gambino, Mr. Adam and Mr. Gillespie at the requisite evidentiary hearing.

## II. Mr. Capers is Entitled to an Evidentiary Hearing

### A.     The Applicable Standard

Title 28 U.S.C. § 2255 provides that "[u]nless the motion and files and records of the case **conclusively** show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." (Emphasis added). The Seventh Circuit has explained the principles governing the situation before us at length. Controlling precedent holds that a district court need not grant an evidentiary hearing in all § 2255 cases. Such a hearing is not necessary if the petitioner makes allegations that are "vague, conclusory, or palpably incredible," rather than "detailed and specific." *Machibroda v. United States*, 368 U.S. 487, 495, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); *see also Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir.1996). A district court, however, must grant an evidentiary hearing if the petitioner "alleges facts that, if proven, would entitle him to relief." *Stoia v. United States*, 22 F.3d 766, 768 (7th Cir.1994)."When, as here, the factual allegations 'relate[ ] primarily

3

to purported occurrences outside the courtroom and upon which the record could, therefore, cast no real light,' and where the ultimate resolution rests on a credibility determination, an evidentiary hearing is especially warranted." *United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004) (internal citations omitted).

### B. Mr. Capers Entitlement to Equitable Tolling Has Not Been Conclusively Refuted

#### [1]. *The Applicable Standard*

To establish entitlement to equitable tolling a § 2255 movant must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010).

#### [2]. *Mr. Capers Showed Both Diligence & Extraordinary Circumstances*

Mr. Capers' memorandum brief included a showing that he acted with reasonable diligence[1] but was defeated in his efforts to timely file a motion to

---

[1] *See Holland v. Florida*, 560 U.S. 631, 653 (2010) ("The diligence required for equitable tolling purposes is reasonable diligence, not

vacate in this court by truly extraordinary circumstances, which should not be held against him.[2] Mr. Capers' efforts to file a motion to vacate in this court were frustrated by the lies and misconduct of the attorney he retained to prepare his motion to vacate under 28 U.S.C. § 2255, the FBOP's COVID-19 "lock-down," and the pandemic itself.[3]

> [3]. *The Equivocations of Counsel Mr. Capers Retained to Prepare a Motion to Vacate and Represent Him in Litigating the Same are Inadequate to Conclusively Refute His Entitlement to Equitable Tolling*

The prosecution's argument that Mr. Capers in not entitled to equitable tolling and his motion to vacate should be denied as untimely are based on the wafer-thin equivocations of the attorney he retained to file a timely motion to vacate; an attorney who repeatedly lied to Mr. Capers during the course of representing him and now seeks to mislead this tribunal in an

---

maximum feasible diligence.") (internal quotations and citations omitted).

[2]  *See DE #384, pp. 13-14; DE #385, ¶¶ 10-13* [DE refers to entries to the criminal docket while *Doc* refers to entries to the civil (§2255) docket in this matter].

[3]  *See DE #384, pp. 14-18; DE #385, ¶¶ 10-13.*

apparent effort to disguise her patent misconduct.[4] Mr. Capers submitted statements of fact – contained in his declaration and his memorandum of law –, verified under penalty of perjury, which establish a *prima facie* basis for equitable tolling based on former counsel's lies and misconduct, including the fact that former § 2255 counsel was retained to file a timely motion and affirmatively misadvised Mr. Capers that she had obtained an extension of time in which to file the same – and buttressed by the FBOP's COVID-19 lockdown(s) and the pandemic itself.[5] Former counsel has filed an affidavit contesting these allegations – although, she equivocates when it comes to denial of her "extension lie," with respect to which she only claims a lack of recollection not that it did not happen (this is rather telling, as one would expect an attorney to remember whether she lied to her client about anything, but most especially about such an important aspect of the representation) – and claiming that she was only retained to determine whether there was a

---

[4] *See Doc #15, pp. 8-11; Doc #15-1.*

[5] *See DE #384, pp. 14-18; DE #385, ¶¶ 10-13.*

basis for Mr. Capers to pursue § 2255 relief.[6]

The specific allegations set forth under penalty of perjury by Mr. Capers "if true, would entitle him to equitable tolling."[7] The record in this case does not **conclusively** show that Mr. Capers is not entitled to equitable tolling. To the contrary, genuine issues of material fact, arising from the conflicting factual allegations contained in the dueling declarations of Mr. Capers and his former counsel, Ms. Gambino, relating to the determination of whether Mr. Capers in entitled to equitable tolling, remain after review of the entire record. An evidentiary hearing is required to allow this Court to make the credibility assessments necessary to settle these questions.

### C. Mr. Capers Entitlement to Relief Under § 2255 Has Not Been Conclusively Refuted; He is Entitled to An Evidentiary Hearing

The record in this case does not **conclusively** show that Mr. Capers is entitled to no relief. Mr. Capers presented a facially valid claim of ineffective assistance of counsel, based on former counsel's failure to adequately consult

---

[6] Doc #15-1, ¶¶ 1, 4.

[7] See DE #384, pp. 13-18; DE #385, ¶¶ 10-13.

with him on his appellate rights, following imposition of a lengthier sentence than Mr. Capers expected, based on former counsel's assessment of the sentencing consequences of the plea he entered,[8] and supported that claim with his declaration, verified under penalty of perjury.[9] The United States offered an affidavit from one of Mr. Capers' sentencing counsel contesting this claim.[10] However, it should be noted that the key aspect of Mr. Capers' claim – that counsel was deficient for failing to ensure that Mr. Capers understood that he could appeal his sentence without challenging his conviction[11] – is not contested in the lengthy and self-satisfied affidavit of former counsel.[12] Under these circumstances an evidentiary hearing is essential.

Illustrating the necessity of such hearing is an unpublished but well

---

[8] *See DE #384, pp. 8-12.*

[9] *DE #385 ¶¶ 4-9.*

[10] *See Doc #15-2.*

[11] *See DE #385, ¶9.*

[12] *See Doc #15-2.*

reasoned opinion of the Fifth Circuit vacating a district court's denial of a defendant's § 2255 motion and remanding for further proceedings in a similar situation of dueling sworn narratives of counsel and defendant. *See United States v. Jolley*, 252 Fed. Appx. 669 (5th Cir. 2007).

In *Jolley*, the Fifth Circuit found fault in the lower court's decision to credit the affidavit of counsel and discount the defendant's affidavit, where counsel's affidavit had only scant evidentiary support, untested by an evidentiary hearing.[13] Like the differing versions of events offered by Mr.

---

[13] "This is a case of dueling affidavits. Jolley asserts in his declarations that his counsel failed to seek a plea agreement before trial; that his counsel incorrectly informed him that he only faced six to nine years of imprisonment if convicted; and that counsel erred in explaining how the Sentencing Guidelines might operate in his case. Barnett, in contrast, says that he inquired about a plea agreement but Jolley refused to consider a plea agreement, and that he correctly explained, and Jolley understood, the sentencing issues.

There is scant evidence to buttress Barnett's affidavit. That the government's files do not reflect that the government offered or intended to offer a plea agreement does not speak to the allegation that *Barnett* failed to seek a plea agreement. The prosecuting attorney's "impression" that "plea of guilty was not a viable option being considered by Jolley" does support Barnett's affidavit; however, that "impression" is a thin reed not tested in a hearing. We simply do not know how clearly he remembers the

Jolley and his former counsel, those of Mr. Capers and his former counsel can only be reconciled through this Court assessing the credibility of their live testimony at an evidentiary hearing.

### III. Conclusion

Mr. Capers respectfully suggests that this Honorable Court schedule an evidentiary hearing on both his entitlement to equitable tolling and his claim of ineffective assistance of counsel.

Respectfully submitted this 22ND day of February, 2022.

David Capers, *Pro Se*
Register #52476-424
FCI Greenville
P.O. Box 5000
Greenville, IL  62246

---

events and discussions creating that impression, or even what the bases of that impression are. Finally, there is no evidence to corroborate Barnett's claim that he correctly explained the maximum sentence and sentencing guidelines to Jolley. The discussions between Barnett and Jolley are not in the record, nor does the district court's opinion base its credibility findings on persona observations of Barnett and Jolley. **Accordingly, the district court should have held an evidentiary hearing."** *United States v. Jolley*, 252 Fed. Appx. 669, 671 (5th Cir. 2007) (emphasis added).

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Reply has been mailed, first class postage prepaid, on this 22nd day of February, 2022, to: opposing counsel, AUSA Lauren M. Wheatley, Office of the United States Attorney, 101 NW Martin Luther King Blvd., Suite 250, Evansville, IN 47708.

Executed under penalty of perjury pursuant to 28 U.S.C. §1746, on this 22nd day of February, 2022.

David Capers, *Pro Se*
Register #52476-424
FCI Greenville
P.O. Box 5000
Greenville, IL 62246

11